# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEPHEN PLATO MCRAE,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS et al.,<br><br>    Defendants. | **ORDER & MEMORANDUM DECISION**<br><br>Case No. 2:17-CV-66-RJS<br><br>District Judge Robert J. Shelby |

Plaintiff, inmate Stephen Plato McRae, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2017), *in forma pauperis*, *see* 28 id. § 1915. The Court now screens his Complaint and orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing his claims.

## A. Deficiencies in Complaint

Complaint:

(a) improperly names Federal Bureau of Prisons as a defendant under Section 1983, which is meant to support actions against state and local defendants.

(b) improperly names Iron County and Purgatory Correctional Facilities as defendants, though they are not independent legal entities that may sue or be sued.

(c) fails to provide an affirmative link between specific defendants and specific civil-rights violations.

(d) inappropriately alleges civil rights violations on a respondeat-superior theory.

(e) does not state a proper legal-access claim (see below).

(f) is perhaps supplemented with claims from documents (including a motion for preliminary injunctive relief) filed since the Complaint and "Amended Complaint," which claims should be included in an amended complaint, if filed, and will not be treated further by the Court unless properly included.

(g) refers to John-Doe types, without giving detailed information that would allow them to be identified.

(h) appears to try to bring claims against other defendants who are referred to only in the Complaint's text and not named in the Complaint's heading.

(i) requests injunctive relief, the granting of which would require confirmation that Plaintiff is still in whatever facility from which he requests the injunctive relief.

(j) inappropriately alleges civil-rights violations on the basis of denied grievances.

### B. Instructions to Plaintiff

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal

theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

Second, the complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

Fourth, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

• **Legal Access**

The Court notes that Plaintiff's claim(s) may involve legal access. As Plaintiff fashions his amended complaint, he should therefore keep in mind that it is well-recognized that prison inmates "have a constitutional right to 'adequate, effective, and meaningful' access to the courts and that the states have 'affirmative obligations' to assure all inmates such access." *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980). In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court expounded on the obligation to provide access to the Courts by stating "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828 (footnote omitted & emphasis added).

However, to successfully assert a constitutional claim for denial of access to the courts, a plaintiff must allege not only the inadequacy of the library or legal assistance furnished but also "that the denial of legal resources hindered [the plaintiff's] efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 84 F.3d 1399, 1403 (10th Cir. 1996) (emphasis added); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). In other words, a plaintiff must show "that any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). Moreover, the non-frivolous litigation involved must be "habeas corpus or civil rights actions regarding current confinement." *Carper*, 54 F.3d at 616; *accord Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).

## MOTION TO APPOINT COUNSEL

The Court now addresses Plaintiff's motion for the Court to request *pro bono* counsel to represent him. Plaintiff has no constitutional right to counsel. *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987). However, the Court may in its discretion appoint counsel for indigent plaintiffs. *See* 28 U.S.C.S. § 1915(e)(1) (2017); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39. Considering the above factors, the Court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court DENIES for now Plaintiff's motion for appointed counsel.

**ORDER**

**IT IS HEREBY ORDERED** that:

(1) Plaintiff must within thirty days cure the Complaint's deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide with a form complaint and habeas petition for Plaintiff to use should he choose to file another amended complaint or a habeas-corpus petition.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(4) Plaintiff's motion for appointed counsel is **DENIED**, (*see* Docket Entry # 5); however, if, after the case develops further, it appears that counsel may be needed or of specific help, the Court will ask an attorney to appear pro bono on Plaintiff's behalf.

(5) Plaintiff's motions to amend his complaint and for preliminary injunctive relief are DENIED as moot, given the above analysis. (*See* Docket Entry #s 7 & 10.)

DATED this 14th day of June, 2017.

BY THE COURT:

JUDGE ROBERT J. SHELBY
United States District Court