IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEPHEN PLATO MCRAE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SGT. FIELDING et al.,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION<br>& ORDER DENYING MOTION<br>FOR RELIEF FROM JUDGMENT**<br><br>Case No. 2:17-CV-66 RJS<br><br>Chief District Judge Robert J. Shelby |

　　　　On January 16, 2020, after comprehensively analyzing Plaintiff's lack of responsiveness here, the Court dismissed this case. (ECF No. 46.) Three months later, Plaintiff moved "to Alter or Amend the judgment," (ECF No. 49), in what is essentially a motion for relief from judgment under Fed. R. Civ. P. 60(b)(1). He supports his motion with a litany of assertions about his conditions of confinement that have allegedly hamstrung his litigation efforts. (*Id.*)

　　　　Federal Rule of Civil Procedure 60(b)(1) states in pertinent part: "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . mistake, inadvertence, surprise, or excusable neglect . . . . " Fed. R. Civ. P. 60(b)(1). "Relief under Rule 60(b) 'is extraordinary and may only be granted in exceptional circumstances.'" *Segura v. Workman*, 351 F. App'x 296, 298 (10th Cir. 2009) (unpublished) (quoting *Beugler v. Burlington N. & Sant Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007) (internal quotation marks omitted)). Whether a party's neglect is excusable is an equitable determination, factoring together "all relevant circumstances surrounding the party's omission."

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Such circumstances include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004).

The Court exercises its discretion, *Craft v. Olden*, 556 F. App'x 737, 738 (10th Cir. 2014) (unpublished) (reviewing denial of 60(b)(1) motion for abuse of discretion), to deny Plaintiff's motion. The analysis required here is nearly the exact same analysis the Court already undertook in its dismissal order. (ECF No. 46 (analyzing dismissal for failure to prosecute under five factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992).) In fact, nothing Plaintiff suggests in his 60(b) motion puts in question the Court's original *Ehrenhaus* analysis regarding prejudice to opposing party, length of delay and impact on judicial proceedings, and whether Plaintiff has acted in good faith. (*Id*. at 4-9.)

To be clear: Plaintiff submitted this action on January 23, 2017. (ECF No. 1.) By the time the Court dismissed the case about three years later on January 16, 2020, (ECF No. 46), Plaintiff still had not followed the Court's extensive guidance over *five* orders giving Plaintiff repeated chances to amend his complaints. (ECF Nos. 11, 33, 37, 41, 44.) Though Plaintiff blames his inability to meet the Court's requirements on a variety of prison conditions (in six different facilities over several years), (ECF No. 49), he never specifies what specifically kept him from amending his Second Amended Complaint, (ECF No. 43), between November 13, 2019, when amendment was ordered, (ECF No. 44), and January 16, 2020, when the case was finally dismissed (in an order with careful analysis of Petitioner's three-year timeline of failing to ever

file a sufficient complaint, (ECF No. 46)). Without particular excuse, he was simply not in touch at all with the Court for more than three months before dismissal, (*id.*), and thus failed to prosecute this case.

## ORDER

**IT IS ORDERED** that Plaintiff's post-judgment motion is **DENIED**. (ECF No. 49.) This action remains closed.

DATED this 1st day of March, 2021.

BY THE COURT:

CHIEF JUDGE ROBERT J. SHELBY
United States District Court